UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA L.P., | No. 2:14-cv-1457-MCE-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STEVE TAYLOR and MARIA G. TAYLOR, | |
| Defendants. | |

This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). On June 18, 2014, defendants, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for the County of San Joaquin.[1] ECF No. 1.

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.

---

[1] Also on June 18, 2014, defendants filed applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF Nos. 2, 3. However, in light of the recommendation herein that this action be remand for lack of subject matter jurisdiction, defendants' requests to proceed *in forma pauperis* will not be addressed.

1

1  1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the
2  first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As explained below,
3  defendants have failed to meet that burden.
4      Defendants claims that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.
5  ECF No. 1 at 2.  Defendants contend that diversity of citizenship is present because plaintiff is a
6  citizen of Texas and defendants are citizens of California.  *Id.*  Even if this is true, plaintiff has
7  not shown that the amount in controversy exceeds $75,000.  Diversity jurisdiction requires
8  complete diversity of citizenship among the parties, as well as a minimum amount in controversy
9  of over $75,000.  *See* 28 U.S.C. § 1332.  The amount in controversy is determined from the
10  complaint itself, unless it appears to a legal certainty that the claim is worth a different amount
11  than that pled by plaintiff.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961);
12  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007).  The complaint alleges
13  that that the amount in controversy does not exceed $10,000. ECF No. 1 at 8; *see also Fed. Home*
14  *Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The
15  appropriate dollar amount in determining the amount of controversy in unlawful detainer actions
16  is the rental value of the property, not the value of the property as a whole."); *Fed. Home Loan*
17  *Mortg. Corp. v. Pulido*, 2012 WL 540554 (N.D. Cal. Feb. 17, 2012) ("In unlawful detainer
18  actions, the right to possession is contested, not title to the property, and plaintiffs may collect
19  only damages that are incident to that unlawful possession.").  Consequently, because defendants
20  have failed to demonstrate to a legal certainty that the amount in controversy requirement is met,
21  the court lacks diversity jurisdiction over the action.
22      Nor have defendants established that this court has federal question jurisdiction.  The
23  compliant does not allege any federal claims; instead, the complaint alleges only unlawful
24  detainer under state law.  ECF No. 1 at 6-10.  The presence or absence of federal question
25  jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal
26  jurisdiction exists only when a federal question is presented on the face of plaintiff's properly
27  pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This is the case
28  where the complaint "establishes either that [1] federal law creates the cause of action or that [2]

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, plaintiff's one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Therefore, because defendants have not adequately established a basis for this court's subject matter jurisdiction, the case must be remanded. *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of San Joaquin.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 19, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE